NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRENCHPORTE IP LLC,**

*Plaintiff*

**v.**

**C.H.I. OVERHEAD DOORS, INC.,**

*Defendant-Appellee*

**v.**

**MOARBES, LLP,**

*Claimant-Appellant*

---

2025-1186

---

Appeal from the United States District Court for the Central District of Illinois in No. 2:21-cv-02014-CSB-EIL, Judge Colin Stirling Bruce.

---

Decided:  July 23, 2026

---

JEREMY ROUX, Kirkland & Ellis LLP, Chicago, IL, argued for defendant-appellee.  Also represented by GIANNI CUTRI.

GEOFFREY MASON, Moarbes LLP, Washington, DC, argued for claimant-appellant.

———————

Before PROST, REYNA, and STARK, *Circuit Judges.*

PROST, *Circuit Judge.*

Moarbes, LLP ("Moarbes"), which represented FrenchPorte IP LLC ("FrenchPorte") in the underlying case, appeals the judgment of the U.S. District Court for the Central District of Illinois ordering Moarbes to pay fifty percent of a $46,438.60 sanctions award for repeated failures to comply with court orders. *FrenchPorte IP, LLC v. C.H.I. Overhead Doors, Inc.*, No. 2:21-cv-2014, 2024 WL 1307790 (C.D. Ill. Mar. 27, 2024) ("*Sanctions Order*").

Before this court, Moarbes does not contend that the imposition of sanctions in the amount of $46,438.60 was improper. *See, e.g.*, Oral Arg. at 1:05–16 (conceding that sanctions were appropriate).[1] Rather, Moarbes maintains only that it should not share any responsibility for those sanctions with FrenchPorte. *Id.*; *see also id.* at 3:38–53. Moarbes's sole argument in support is that the district court could find it responsible for the sanctioned conduct only by impermissibly relying on an ex parte letter submitted by FrenchPorte's CEO, Ken Maher. *See, e.g.*, Appellant's Br. 21–22.

Moarbes's position is untenable. The district court expressly stated that it had "not considered [Mr.] Maher's letter," yet it nevertheless concluded "that even apportionment of the responsibility [between Moarbes and FrenchPorte] for the sanctions award [was], indeed, appropriate." *Sanctions Order*, 2024 WL 1307790, at *3. The district court's analysis shows that it relied upon *Moarbes's*

———————

[1]    No. 25-1186, https://www.cafc.uscourts.gov/oral-arguments/25-1186_07062026.mp3.

own filings (not the letter), which laid out all the relevant facts—namely, that (1) Moarbes had received some, though perhaps not all, of the funding needed to comply with the court's orders; and (2) Moarbes repeatedly failed to comply with said orders. *Id.* at \*2–3. Moarbes concedes that it loses its appeal if we do not find that the district court relied upon the ex parte letter in determining the allocation of sanctions. Oral Arg. at 4:29–50 (acknowledging this point), 5:30–6:02 (same). Having reviewed the sanctions order, we see no basis to conclude that the district court relied upon Mr. Maher's letter. We further find no abuse of discretion in the district court's well-reasoned determination that Moarbes should share evenly in the responsibility for its, and FrenchPorte's, delinquent conduct.

**AFFIRMED**